_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 3 1 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LAMONT JOHNSON, *pro se*                 *

        Petitioner,                      *

                          *     Civil No.: **PJM 12-3425**

v.                                       *     Crim. No.: **PJM 09-0588**

                          *

UNITED STATES OF AMERICA                 *

        Respondent.                      *

## MEMORANDUM OPINION

Lamont Johnson, *pro se*, has filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 [Paper No. 43]. The Motion is **DENIED**.

### I.

Johnson was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He pled guilty through a "straight-up" plea, i.e., without the benefit of a plea agreement. In a joint letter to this Court, however, the parties agreed to the following statement of facts:

> On July 30, 2009, Prince George's County Police (PGPD) stopped Lamont Luther JOHNSON while driving in Upper Marlboro, Maryland for a broken right brake light. When the officer approached the vehicle he observed the operator reach under the driver seat, exit the vehicle and move towards the passenger side of the vehicle. The operator was ordered back to the driver side of the vehicle, at which time JOHNSON fled on foot. Law enforcement recovered a .38 caliber revolver bearing an obliterated serial number loaded with six (6) rounds of ammunition from under the driver's seat. Officers also recovered a folder containing JOHNSON's learner's permit, social security card and birth certificate from the passenger seat. The officer looked at the picture on the learner's permit and identified that individual as the same who had just fled the scene . . .

Johnson was sentenced to 183 months in prison, after receiving a sentencing enhancement under the Armed Career Criminal Act, which increased his criminal history category to a level V.

Johnson appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence on December 1, 2011. On December 16, 2011, an Assistant Federal Public Defender (AFPD), who represented Johnson during his plea, sentencing, and appeal, informed him by mail of the Fourth Circuit's decision. The AFPD advised Johnson that he could file a petition for certiorari with the United States Supreme Court, but that the odds of such a petition succeeding were very slim. The APFD further advised that she would consider any such appeal to be frivolous, and would therefore need to withdraw from Johnson's case if he opted to pursue a cert petition. Johnson was told that he would need to file the petition by no later than February 29, 2012, and was asked to contact the AFPD regarding his intention to appeal. Johnson never responded to the AFPD, nor did he file a cert petition on his own. On November 19, 2012, Johnson filed the present Motion.

## II.

Johnson argues that his counsel rendered constitutionally ineffective assistance when she failed to pursue a motion to suppress, encouraged him to plead guilty, and failed to consult him regarding pursuit of a cert petition to the Supreme Court.[1] Johnson further asserts that he entered into his guilty plea unintelligently and involuntarily, and requests that the plea be set aside.[2]

## A.

Johnson first contends that his lawyer rendered ineffective assistance of counsel when she failed to file a motion to suppress the revolver found under the driver's seat of the car Johnson had been driving.

---

[1] As a pro se petitioner, Johnson's Motion must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, his somewhat imprecise claims have been recast in more meaningful form.

[2] Johnson did not raise this claim in his Motion, but asserts in his Reply that it was raised implicitly. The Court sees no need to challenge the propriety of raising a claim in this fashion and will address the claim in any event.

To demonstrate ineffective assistance of counsel, a petitioner needs to make two showings: first, he must show that his counsel's representation fell below an objective standard of reasonableness; and, second, he must show that counsel's deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With respect to the first prong, judicial scrutiny of counsel's performance is "highly deferential," and the petitioner must overcome the presumption that counsel's decision-making was the result of sound trial strategy. *See id.* at 689. Under the second prong—the prejudice prong—the petitioner must show that there was a reasonable probability of a different result had counsel not committed the alleged error. *Id.* at 694.

Johnson has given no reason for the Court to conclude that counsel's failure to file a motion to suppress constituted deficient performance, nor has he supplied any reason for the Court to believe that the evidence was unlawfully seized from the car.

For the same reasons, Johnson does not satisfy the prejudice prong.

To find probable cause, the totality of the circumstances need only be sufficient to warrant a reasonable person to believe that contraband or evidence of a crime would be found in Johnson's car. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause does not require that the officer's belief be more likely true than false. *United States v. Jones*, 31 F.3d 1304, 1313 (4th Cir. 1994).

Here, after his vehicle was stopped for a broken brake light, Johnson oddly and inexplicably reached under his passenger seat, exited the vehicle, and rushed to the passenger side door. In the context of a vehicular police stop, these actions are fairly deemed unusual and suspicious. *See Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) ("[W]hen it is considered in the light of all the surrounding circumstances, even 'seemingly innocent activity' may provide a

basis for finding probable cause.") (citing *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996)).

When Johnson was told to return to the driver's side of the vehicle, he bolted from the scene, committing what can only be termed the "consummate act of evasion." *United States v. Smith*, 396 F.3d 579, 584 (4th Cir. 2005) (headlong flight is the "consummate act of evasion") (internal quotation and citation omitted). Consequently, the officers who arrested Johnson had probable cause to search the car. Accordingly, a motion to suppress by counsel would not have been meritorious. In consequence, Johnson's claim of ineffective assistance of counsel for failure to file a motion to suppress lacks merit.

### B.

Johnson also claims ineffective assistance of counsel on the grounds that counsel encouraged him to plead guilty. Given that (a) Johnson lacked a meritorious defense, (b) he was able to have a say in the construction of the statement of facts used against him *because* of his decision to plead guilty, and (c) his ultimate sentence was on the low end of the sentencing guidelines, the Court cannot conclude that counsel's decision to advise Johnson to plead guilty fell below an objective standard of reasonableness.

Even assuming, *arguendo*, that counsel's performance was deficient, Johnson cannot satisfy the prejudice prong of *Strickland* which requires, in the context of a guilty plea, demonstration of "a reasonable probability that, but for counsel's errors, [Johnson] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Johnson's after-the-fact declarations are of no moment. He has failed to show what he is required to show—that proceeding to trial would have been *objectively* reasonable in light of all the facts. *See United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) ("The challenger's subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would

have been objectively reasonable in light of all the facts."). Johnson has pointed to no plausible defense he might have asserted against the ponderous facts of the case, nor does one readily appear to the Court. *See id.* (decision to go to trial would not be rational where evidence against the defendant was "overwhelming"); *see also Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (prejudice prong is "dependent on the likely outcome of a trial had the defendant not pleaded guilty"). Since Johnson was not prejudiced by entering a guilty plea, his claim of ineffective counsel fails accordingly.

## C.

Johnson next claims he pled guilty unintelligently and involuntarily.

In determining whether an evidentiary hearing is necessary to resolve a § 2255 motion contesting a guilty plea, the Court must first determine "whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, are so palpably incredible, so patently frivolous or false as to warrant summary dismissal." *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)). "[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false," *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005), and, absent extraordinary circumstances, any § 2255 motion that necessarily relies on such allegations should be dismissed. *Id.* at 221-22.

During his Rule 11 colloquy, Johnson confirmed the accuracy of an agreed statement of facts; i.e., facts set forth in a letter to this Court signed by Johnson and the Government. Moreover, Johnson told the Court several times during the colloquy that he was pleading guilty knowingly and voluntarily. Any contention now that Johnson's car taillight was not broken prior

-5-

to the stop must be disregarded since it directly contradicts the facts that Johnson agreed to both in writing and orally. Moreover, Johnson stated in his colloquy, *inter alia*, that he was satisfied with counsel's services, that he understood that he could potentially be sentenced to life in prison, and that he understood everything regarding the sentencing process. To the extent that he now argues there was an insufficient factual basis for the Court to have considered his plea intelligent and voluntary, he is attempting to re-write history. His decision to enter a guilty plea was intelligent and voluntary.

## D.

Finally, Johnson claims that counsel was ineffective for failing to consult him regarding a possible appeal to the Supreme Court.

To be sure, counsel has a constitutional duty to consult with a defendant regarding the possibility of an appeal when there is reason to think either (a) that a rational defendant would want to appeal (typically because there are non-frivolous grounds for appeal), or (b) that a defendant has reasonably demonstrated to counsel that he is interested in appealing. *Roe v. Flores-Ortega*, 528 U.S., 470, 480 (2000). The Supreme Court has defined consulting in this context to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478.

Counsel fairly complied with these obligations. Counsel correctly informed Johnson that the Supreme Court was extremely unlikely to grant certiorari in his case—less than 1% of criminal cert petitions are granted—and Johnson, in the AFPD's opinion, had no non-frivolous issues. In short, there were essentially no advantages to filing, only disadvantages. But more importantly, counsel made a reasonable effort to discover Johnson's wishes regarding appeal

when she requested that he contact her as soon as possible to discuss whether he wanted to file a cert petition. Her letter of December 16, 2011 to Johnson instructed him that he had until February 29, 2012 to file a petition of certiorari with the Supreme Court. Counsel made a reasonable effort to consult with him prior to that date about the possibility of appeal, but he never responded to her inquiry. She complied with her professional obligations vis-à-vis a possible appeal to the Supreme Court. Johnson has only himself to blame for an appeal not being taken.

In any event, Johnson cannot establish prejudice.

To establish prejudice resulting from the failure to consult regarding the possibility of an appeal, Johnson would need to show that there were non-frivolous issues for appeal or that he had communicated an "unwavering and ongoing" interest in appealing that would not have been overborne by counsel's advice. *See Bostick v. Stevenson*, 589 F.3d 160, 168 (4th Cir. 2009). But again the cupboard is bare. Johnson has not set forth any non-frivolous grounds that could have been the basis of a cert petition to the Supreme Court. Nor has he demonstrated that he had an "unwavering and ongoing" interest in pursuing an appeal, certainly not one so strong as to suggest that he would have appealed notwithstanding counsel's advice. Indeed, Johnson does not claim that he ever told counsel of his intention to file a cert petition to the Supreme Court, much less demonstrated an "unwavering and ongoing" interest in doing so. He specifically failed to contact counsel after being asked to inform her of his intention regarding a possible appeal. Then, after being informed of the need to act by a date certain, he failed to initiate the appeals process himself.

In sum, counsel fairly consulted or attempted to consult with Johnson as to the possibility of an appeal, and, in any event, he cannot show he was in any way prejudiced. There was no ineffective assistance in this regard.

### III.

For the foregoing reasons, Johnson's Motion to Vacate his sentence under 28 U.S.C. § 2255 (Paper No. 43) is **DENIED**.

A separate Order will **ISSUE**.[3]

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July __, 2013

---

[3] Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record and finds that Johnson has not made the requisite showing because his claims are wholly without merit, falling well short of the "reasonable jurists" standard. Accordingly, the Court will not issue a certificate of appealability, and any such request is **DENIED**.